# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JORGE MEDINA,

> Plaintiff,

-vs-                                          Case No.  6:05-cv-528-Orl-31JGG

GUILLERMO HERRERA d/b/a N.C.H.
Construction,

> Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 21)** |
| **FILED:** | **September 26, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    THE LAW

### A.    Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a).   Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor: but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom

judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997), *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu,* 515 F.2d at 1206.

## B.     Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under 29 U.S.C. § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of

Even a contested request for attorneys' fees "should not result in a second major litigation."

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial

burden of submitting adequate documentation of the hours reasonably expended and of the attorney's

qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific

and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v.*

*Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the

prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work,"

and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the

documentation is inadequate, the district court must still determine a reasonable fee, which it may do

without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an

expert on the question and "may consider its own knowledge and experience concerning reasonable

and proper fees and may form an independent judgment either with or without the aid of witnesses as

to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House*

*of Learning*. 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district

court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d

1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded

the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to

---

reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351. 354 (11th Cir. 1995).

## II.   ANALYSIS

Defendant Guillermo Herrera dba N.C.H. Construction ("Herrera") operates a business with its principal place of businesses in Orlando, Florida. (Doc. No. 1 at ¶ 4). Plaintiff Jorge Medina performed work for Defendant in Orlando, Florida. Medina seeks to hold Defendant liable for unpaid minimum wages and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq.[2]

Medina claims he had an agreement with Defendant to be paid at the rate of ten dollars an hour. (Doc. 1 at ¶ 15.) From July 2004 to November 12, 2004, Medina worked for Defendant. (Doc. No. 1 at ¶4; 21-3 at ¶¶ 4, 5. For the period of July 2004 to September 17, 2004, Medina worked an average of 63 hours per week and was paid the straight time rate of $10 per hour for all hours worked. (Doc. No. 21-3, at ¶¶ 3, 5). Medina worked 253 hours of overtime (23 hours per week multiplied by 11 weeks) and claims that Defendant owes him $1.265.00 in unpaid overtime compensation. Under the FLSA's liquidated damages provision, Medina claims entitlement to an additional $1,265.00.

Medina further claims that for the period of September 20, 2004 to November 12, 2004, Defendant did not pay Medina. (Doc. 1 at ¶ 13; 21-3 at ¶ 4.) Medina claims that he worked 288.75 hours during this eight week period. (Doc. 21-3 at ¶ 4.) This averages out to a little over 36 hours per week, and Medina presents no evidence that he worked any overtime during this period. Applying

---

[2]Although the complaint also contains a claim for breach of contract for unpaid wages, this claim appears to have been abandoned as it is not referenced in the motion for final default judgment. Plaintiff recovers more under the FLSA than he could under the breach of contract claim when liquidated damages are factored in.

the federal minimum wage of $5.15 per hour. Medina claims that Defendant owes him $1,487.06 for unpaid minimum wages. Medina again claims that under the FLSA's liquidated damages provision, he is entitled to an additional $1,487.06.

On April 4, 2005, Medina brought the present action to recover his unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees, and costs of this action from Defendant for violations of 29 U.S.C. §§206, 207 and 215(a)(2) . (Doc. No. 1). On May 17, 2005, Medina effected service on Herrera at his home located at 14500 Daring Ave., Orlando, FL 32826, by service on Daniel Finch, co-resident who is age 15 or older. (Doc. No. 10). Herrera never answered or otherwise responded to Medina's complaint.

On August 18, 2005, Medina moved for an entry of clerk's default against Herrera. (Doc. No. 16). The Court granted Herrera's motion, and the Clerk entered default on August 24, 2005. (Doc. No. 18, 19). On September 26, 2005, Medina moved for final default judgment. (Doc. No. 21). On November 16, 2005, the Court issued a notice of hearing on the motion and directed the Clerk to serve Defendant with the notice of hearing, the Clerk's entry of default and all documents related to the motion for final default judgment. (Doc. No. 23.) Only Plaintiff's counsel, Konstantine Pantas, appeared at the hearing held on December 5, 2005.

At the hearing, the Court heard argument by Mr. Pantas. The Court considered all of the evidence introduced by Medina, including the supporting affidavits attached to the instant motion. Having fully considered Medina's testimony and arguments and the record, there is a sufficient basis in the pleadings for the judgment to be entered against Defendant. The Court, therefore, finds that the Herrera was a statutory employer under the definition in 29 U.S.C. §203(d) and that Herrera has violated 29 U.S.C. §§ 206, 207 and 215(a)(2) by failing to compensate Medina as described above.

Accordingly, Medina is entitled to recover unpaid overtime compensation in the amount of $1,265.00, plus liquidated damages in the amount of $1,265.00, an amount equal to his unpaid overtime compensation. Medina also is entitled to recover unpaid minimum wage compensation in the amount of $1,487.06, plus liquidated damages in the amount of $1,487.06, an amount equal to his unpaid overtime compensation. *See* 29 U.S.C. §216(b).

Pursuant to 29 U.S.C. §216(b). Medina is also entitled to recover attorney's fees and costs associated with the collection of his unpaid overtime compensation.  Medina seeks to recover $2,880.00 in attorney's fees and $375.00 in costs.  Having reviewed the supporting documentation (Doc. No. 21-2) and heard argument of counsel, the Court determines that counsel's rates are not reasonable.  Counsel seeks compensation at the rate of $300 per hour, and provides no evidence other than a self-serving statement that counsel is "familiar with the rates charged by attorneys with similar experience in Central Florida [and] a reasonable hourly fee for a lawyer with similar experience and expertise is $300 per hour." (Doc. 21-2 at ¶ 4.) This Court has previously analyzed the reasonableness of Charles Scalise's (the attorney who performed the work on this matter) rates for work on FLSA cases and determined that $250 per hour is a reasonable rate.

The Court also finds it unreasonable to hold Herrera accountable for work performed that relates to other defendants (Leo Hauser and Carlos Castano) who were sued in this action and ultimately dismissed. The Court recommends that the number of hours for which Plaintiff's counsel may be paid be reduced from 9.6 hours to 8.3 hours. The Court has determined a reasonable attorneys' fee for work in this matter equals $2.075.00.

Plaintiff also seeks to recover as costs the amount of the filing fee for this action, and service fees. The Court again finds it unreasonable to hold Herrera accountable for service fees on Leo Hauser.

Further, the Court has reviewed the record and does not find that N.C.H. Corporation was separately served. Plaintiff, therefore, is entitled to recover $250 for the filing fee, and $50 for service on Herrera, for a total of $300 in costs.

Accordingly, it is **RECOMMENDED** that Medina's motion for final default judgment (Doc. No. 16) against Defendant be **GRANTED**.

It is **FURTHER RECOMMENDED** that Medina be awarded $1,487.06 in unpaid minimum wages, $1,265.00 in unpaid overtime compensation, $2,752.06 in liquidated damages total for the minimum wage and overtime claims, and $2,375 in attorney's fees and costs, for a total amount of $7,879.12 against Defendant Herrera.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December  5 , 2005.


James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party: Guillermo Herrera d/b/a N.C.H. Construction, 14500 Daring Ave., Orlando, FL 32826
Courtroom Deputy

-7-